### JESUSA LASINDO *v.* THE STATE.

DISORDERLY HOUSE—INFORMATION charged that the accused "did unlawfully commit the offense of keeping a disorderly house for the purpose of public prostitution, and as the common resort for prostitutes, lewd women, and vagabonds, contrary," etc. *Held* insufficient.

APPEAL from the District Court of Bexar. Tried below before the Hon. GEORGE H. NOONAN.

*Coopwood & Stewart*, for the appellant. The information in this case does not conform to approved precedents. Whart. Prec. of Indict. 333 *et seq.;* 3 Archb. Cr. Pr. & Pl. 607.

"That the offense be set forth in plain and intelligent words," is a requisite of an information as well as an indictment. Pasc. Dig., Art. 2870.

"The things necessary to the description of the crime must be stated." *Bush* v. *The State*, 1 Texas, 460; *Alexander* v. *The State*, 29 Texas, 495; 24 Texas, 162; Archb. Cr. Pl. 28.

"All the facts and circumstances constituting the offense must be specifically set forth." Archb. Cr. Pl. 41; Archb. Cr. Pr. & Pl. 86, note 1.

"A statement of a legal result is bad." Archb. Cr. Pr. & Pl. 86, note.

"Every offense consists of certain acts done or omitted under certain circumstances, and, in an indictment for the offense, it is not sufficient to charge the defendant generally with having committed it." Archb. Cr. Pr. & Pl. 86, note 1. But in all cases those statements "which are descriptions of crime must be introduced upon the record by averment, in opposition to argument and inference." *Rush* v. *The Republic*, 1 Texas, 460; Archb. Cr. Pl. 41; 1 Chitty's Cr. Law, 281, 288.

The information does not state that the defendant did keep the house, the words "did keep" being indispensably necessary to charge the offense. *State* v. *Holder*, 2 McCord, 377; Archb. Cr. Pl. 54; Whart. Cr. Law, 366, 2384.

It does not state that the public prostitutes or the vagabonds did congregate at, or resort to, defendant's house, or that she permitted them so to do, or that they then and there committed acts of whoredom, etc. Archb. Cr. Pl. 636; Whart. Prec. of Indict. 431 *et seq.*

It does not state any facts constituting "a house for the purpose of public prostitution," or "a common resort for prostitutes or vagabonds." Bishop's Cr. Law, 1047.

*A. J. Peeler*, Assistant Attorney General, for the State.

WINKLER, J.    The 7th requisite of an information, agree-
ably to the Code of Criminal Procedure, Article 403, is
"that the offense be set forth in plain and intelligible
words."    Pasc. Dig., Art. 2870.

The information in this case does not come up to this
requirement.    It does not charge that the accused *did keep*
a disorderly house, etc., but that she *was guilty of the
offense of keeping*, etc., a statement of a conclusion drawn
from the facts, rather than a statement of the facts from
which the law draws the conclusion.

To treat the objectionable words as surplusage would
leave the information defective, agreeably to the statute
quoted above.

The indictment in *Stephanes* v. *The State*, 21 Texas,
210, which was held not to be sufficient, was not more
defective than the information in the present case; and, on
the authority of that case, and the authorities there cited,
the judgment is reversed and the case dismissed.

*Reversed and dismissed.*